**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1067
_____

IN RE: ANTHONY GARVIN,
                                               Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3:24-cv-01496)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 30, 2025
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: February 10, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Anthony Garvin seeks a writ of mandamus.  Because he has not

demonstrated that he is entitled to such relief, we will deny his petition.

In September 2024, Garvin filed a habeas petition pursuant to 28 U.S.C. § 2241.

On October 9, 2024, the District Court dismissed his petition without prejudice, for

failure to exhaust his administrative remedies.  Garvin filed a motion for reconsideration,

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

which the District Court denied on December 18, 2024. Garvin then filed a mandamus petition in this Court, arguing that the District Court exceeded its jurisdiction when it served the United States Attorney's Office with process in his case because he believes that only the warden of his prison should have been permitted to personally respond. He also requests that we grant him relief under § 2241.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted). Because Garvin may raise on appeal any issues regarding service or the District Court's dismissal of his petition, mandamus relief is not appropriate here.[1] See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).

Accordingly, we will deny Garvin's petition.

---

[1] Federal Rule of Appellate Procedure 4(a)(1) sets out the deadlines to file a notice of appeal, and Federal Rule of Appellate Procedure 4(a)(4) states the effect of a motion for reconsideration on a notice of appeal. We express no opinion on the merits of Garvin's § 2241 petition.